UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31027
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD BAPTISTE, CHRISTOPHER FRANK, LeSHAWN PARKER, GARION McCOY,
BRIAN ANTHONY JONES, PERCY FRANKLIN and RICO SCHEXNAYDER,

Defendant-Appellants.

_____

Appeals from the United States District Court
for the Eastern district of Louisiana

_____

ON PETITION FOR REHEARING

October 2, 2002

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

BY THE COURT:

The panel issued an opinion in this case in August 2001.
United States v. Baptiste, et al., 264 F.3d 578 (5th Cir. 2001).
Under Fifth Circuit precedent at the time, we were required to
vacate the defendants' life sentences and remand the case for re-
sentencing because drug quantity had not been included in the
indictment.  The United States filed a petition for rehearing and

requested that the mandate be held until the United States Supreme Court and the Fifth Circuit sitting *en banc* resolved similar Apprendi issues in pending cases.  These cases have been decided, and all parties have submitted supplemental briefs.  United States v. Cotton, 122 S.Ct. 1781 (2002); United States v. Longoria, 2002 WL 1491784, (5th Cir. (Tex.), July 12, 2002).

The petition for panel rehearing is GRANTED.

IT IS ORDERED that the introductory paragraph and sections II(E), II(F), and III of the original opinion be WITHDRAWN and that the following be substituted:

EDITH H. JONES, Circuit Judge:

Appellants Clifford Baptiste, Christopher Frank, Percy Franklin, Brian Jones, LeShawn Parker, Garion McCoy, and Rico Schexnayder challenge their convictions for firearm and drug-related crimes.  For the following reasons, we affirm their convictions and sentences on the drug conspiracy counts but vacate and remand three appellants' sentences for firearms offenses.

\* \* \* \* \*

## II.  **DISCUSSION**

### E.  *Apprendi* issues

By hook and crook,[1] all of the appellants contend that their sentences, which, with the exception of Franklin's, call for

---

[1]Some of the appellants have raised the issue by adoption of the others' briefs.

2

life imprisonment, exceed the statutory maximum of the drug conspiracy crime of which they were convicted. Their arguments rely on this court's interpretation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court decision holding that, "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63.

In this court, drug trafficking crimes defined in 21 U.S.C. § 841 are governed by Apprendi analysis on the theory that the dramatically tiered sentences for increasing quantities of illegal drugs enhance the "core" statutory maximum of § 841(b)(1)(C). United States v. Doggett, 230 F.3d 160, 163 (5th Cir. 2000). Consequently, the quantity of drugs should be alleged in the indictment and proved to the jury beyond a reasonable doubt if, as here, the government seeks enhanced penalties under § 841(b)(1)(A) or (b)(1)(B). Id. at 164-65.

The Fifth Circuit's early Apprendi decisions had held that an enhanced sentence under § 841(b) must necessarily be vacated where the indictment failed to allege drug quantity. Evidence of drug quantity was not considered relevant to our plain-error analysis because the defect in the indictment was in some sense a "jurisdictional error". This rule has since been abrogated.

3

The Supreme Court granted certiorari in United States v. Cotton to resolve "whether the omission from a federal indictment of a fact that enhances the statutory maximum sentences justifies a court of appeals' vacating the enhanced sentence, even though the defendant did not object in the trial court." 122 S.Ct. 1781, 1783 (2002). The Court held that indictment omissions are not "jurisdictional" and that appellate courts should apply plain error review. Moreover, as is relevant to this case, Cotton makes it very clear that appellate courts must assess the evidence of drug quantity in order to determine whether the error "seriously affect[ed] the integrity, fairness, or public reputation of judicial proceedings." Id. at 1785. The Court's decision in Cotton fundamentally changed this circuit's Apprendi jurisprudence. See United States v. Longoria, --- F.3d --- (5th Cir. 2002)(en banc).

We turn now to the facts of this case. The indictment alleges defendants' involvement in a conspiracy to traffic in cocaine and cocaine base, but it does not allege the quantity of drugs. The other counts of the indictment involve serious federal firearms offenses, but none of them alleges a quantity of drugs involved in the appellants' trafficking. Further, while the evidence at trial abundantly demonstrated that conspiracy members were selling an ounce of crack cocaine or more every week for several years, the jury was never asked to find a particular quantity of drugs. None of the appellants sought jury instructions

4

on drug quantity.  Several appellants objected at sentencing that the element of drug quantity had been neither alleged in the indictment nor specifically submitted to the jury in their case. The other appellants did not preserve Apprendi error in the trial court.

The primary question is whether the life sentences of six of the defendants – Baptiste, Frank, Schexnayder, Jones, Parker, and McCoy – must be vacated under Apprendi.[2]

For the appellants who did not object at trial, Cotton requires us to apply plain-error analysis and, more specifically, to assess the evidence of drug quantity to determine whether the sentencing error seriously affects the integrity, fairness, or public reputation of the judicial proceedings.  If the evidence supporting the omitted fact is "overwhelming" and "essentially uncontroverted," then the error cannot be said to seriously affect the integrity of the proceedings.  Cotton, 122 S.Ct. at 1786.

For the appellants who objected at sentencing, we apply harmless error analysis.[3]  The Eleventh Circuit recently decided a case where the indictment charged the defendant with possession

---

[2]    Defendant Franklin's imprisonment sentence of 240 months is within the primary statutory limit for his offense and so raises no Apprendi issue.  His enhanced sentence of supervised release will be discussed below.

[3]    See Fed. R. Crim. Proc. 52(a)(error must affect "substantial rights" to cause reversal).  In most cases, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993).

5

with intent to distribute an unspecified amount of crack cocaine. The defendant was convicted and sentenced to life imprisonment. At sentencing, the defendant objected that Apprendi (which had been decided six days after he was convicted) prevented the district court from sentencing him to more than the 20-year statutory maximum imposed by 21 U.S.C. § 841(b)(1)(c). See United States v. Anderson, 289 F.3d 1321, 1323-25 (11th Cir. 2002). The Eleventh Circuit held that Apprendi errors are subject to harmless error analysis because they "do not fall within the limited class of 'fundamental constitutional errors that defy analysis by harmless error standards.'" Id. at 1326 (quoting Neder v. United States, 527 U.S. 1, 7, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999)). Anderson then articulated the harmless error question in this way:

> Simply put, the failure to charge or submit to the jury a specific drug quantity is harmless error under Apprendi if, by finding the defendant guilty, the jury necessarily must have found, beyond a reasonable doubt, that a certain quantity of drugs was involved in the offense. Put differently, if no reasonable juror could have found the defendant guilty without also finding that the specific quantity of drugs was involved, then the defendant is not entitled to a resentencing.

Anderson, 289 F.3d at 1327.

Whether analyzed under plain error or harmless error review, the validity of the sentences in this case rests on the weight of the evidence regarding drug quantity.

For Baptiste, Frank, and Schexnayder to be sentenced to life imprisonment, the statute required proof that their drug trafficking crimes involved only five grams or more of cocaine or

6

cocaine base, because the government filed bills of information alleging their prior drug distribution convictions.[4] Jones, Parker and McCoy, on the other hand, had no history of prior drug trafficking offenses, and the government had to prove that the instant crimes involved 50 grams or more of cocaine or cocaine base.[5]

With respect to all of the defendants, the evidence showed that the crack distributed during the period of the conspiracy far exceeded the quantities necessary to justify their sentences. Government witnesses Womack and Thompkins provided evidence of the quantity of the drugs involved. Their testimony was apparently found credible by the jury, because the jury relied on their testimony to convict the appellants for using firearms during and in relation to drug trafficking crimes. Finally, because the appellants chose as their defense strategy to challenge the existence of any conspiracy, they did not seriously contest the testimony concerning the quantity of drugs distributed.

---

[4] Baptiste had personally been arrested by the police twice and found to possess more than five grams on his person. For the first time on appeal, Schexnayder asserts that the government erred in charging that he had been convicted twice before of drug crimes, thus triggering a life sentence at the level of 5 grams of cocaine or cocaine base in the instant offense. We review this point under the plain error standard and find it obviated, at a minimum, by the fact that 50 grams or more of cocaine or cocaine base were implicated in the conspiracy.

[5] The court made detailed findings substantiating 50 grams or more in the sentencing hearing by a preponderance of the evidence, but in light of Apprendi, this procedure was incorrect.

7

In sum, the chances are virtually nil that the jury, confronted with this testimony about appellants' long-lasting conspiracy, would have found that the appellants distributed less than 50 grams of cocaine or cocaine base.  The omission of drug quantity from the indictment is harmless error (with respect to the appellants who objected at sentencing) and is not reversible plain error (with respect to the appellants who did not object).  The life sentences for Baptiste, Frank, Schexnayder, Jones, Parker, and McCoy are therefore affirmed.

All seven appellants assert <u>Apprendi</u> challenges to their supervised release terms.  The foregoing discussion renders those challenges meritless.

### F.  Other sentencing issues

The appellants have raised other sentencing issues as well.  The only issue left unresolved by our discussion of <u>Cotton</u> concerns the convictions for using or carrying a firearm in the commission of a drug crime, in violation of 18 U.S.C. § 924(c)(1).

Jones and Parker expressly challenged, and Baptiste raised the issue by adoption, whether the district court should have sentenced them to consecutive sentences for multiple uses of firearms to advance a single drug conspiracy.  These three appellants were convicted of one drug trafficking offense – conspiracy to distribute crack – but two to four counts of carrying firearms offenses.  As noted in Section I(E), Baptiste, Jones, and Parker received consecutive sentences for their separate 924(c)

violations.  Imposing consecutive sentences in these circumstances is inconsistent with the rule in this circuit that "each firearms offense [under § 924(c)] must be sufficiently linked to a separate drug trafficking offense" in order to avoid violating double jeopardy principles.  <u>United States v. Privette</u>, 947 F.2d 1259, 1262-63 (5th Cir. 1991).  Accordingly, we vacate the sentences with respect to the § 924(c) counts and remand for resentencing.  <u>See United States v. Tolliver</u>, 61 F.3d 1189, 1222 (5th Cir. 1995).

\* \* \* \* \*

### III. CONCLUSION

We AFFIRM the appellants' convictions and their sentences for the drug conspiracy offenses.  We VACATE the sentences of Jones, Baptiste and Parker for firearms violations and REMAND for resentencing them on those offenses.