United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50188
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE LUIS GARCIA, also known as Joe Garcia

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-586-ALL-DB
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garcia appeals from his conviction and sentence for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. The indictment did not include an allegation of drug quantity, and the jury did not make a finding on that issue. For a variety of reasons, Garcia argues that the district court erred in attributing 4,354.56 kilograms of marijuana to him for purposes of sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Garcia's sentence exceeded the default provision of 20 years under § 841(b)(1)(C), this court assesses the evidence of drug quantity to determine if it is "overwhelming" and "essentially uncontroverted" that Garcia was responsible for at least 100 kilograms of marijuana to justify his enhanced sentence of nearly 27 years of imprisonment. See 21 U.S.C. § 841(b)(1)(B)(vii); United States v. Baptiste, 309 F.3d 274, 276 (5th Cir. 2002), cert. denied, 123 S. Ct. 1621 (2003); United States v. Randle, 304 F.3d 373, 377 (5th Cir. 2002), cert. denied, 123 S. Ct. 1748 (2003).

The parties stipulated that law enforcement agents seized approximately 200 kilograms of marijuana from a storage facility that was leased by Garcia. The stipulation more than adequately supports Garcia's enhanced sentence. Furthermore, the testimony of Garcia's co-conspirators constitutes overwhelming evidence that he conspired to possess with intent to distribute at least 100 kilograms of marijuana. See Baptiste, 309 F.3d at 278. Therefore, any error by the district court in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Cotton, 535 U.S. 625, 631 (2002).

AFFIRMED.