United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41197
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD GLEN ENDSLEY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-123
- - - - - - - - - -

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Todd Glen Endsley appeals his convictions, following a jury trial, of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; possession of a listed chemical with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1); carrying a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and two counts of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court sentenced him to a total prison term of 120 months and a total supervised-release term of five years.

Endsley argues that the district court abused its discretion in denying his motion to suppress the results of a search and seizure that followed a traffic stop of the pickup truck he was driving on February 10, 2004. Specifically, he maintains that whatever consent he gave to the search of his person was "coerced" and was beyond the scope of the stop's purpose, which was allegedly only to investigate him for having "roll[ed]" his truck through a stop sign. The suppression-hearing testimony showed that an investigating officer received information from a convenience store employee that on a weekly basis three men in a white pickup truck were buying large quantities of pseudoephedrine pills from the store. Surveillance of the store on the morning of February 10, 2004, reflected that men later identified as Endsley and his codefendant, Jason White, made a purchase of pills. After Endsley took apparently evasive maneuvers and exceeded the speed limit in his truck, the officer finally stopped him for running a stop sign. After the officer asked Endsley whether he was carrying any drugs or weapons, to which Endsley answered in the negative, Endsley granted his consent to a search of his person and of the pickup truck. The pat-down search revealed a small cylinder containing methamphetamine. The ensuing search of the truck revealed loaded firearms, pseudoephedrine pills, and more methamphetamine.

We review a motion to suppress based on live testimony at a suppression hearing by "accept[ing] the trial court's factual

findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003) (citations and internal quotation marks omitted). We view the evidence in the light most favorable to the party that prevailed below. United States v. Laury, 985 F.2d 1293, 1314 (5th Cir. 1993). It is not disputed that the traffic stop of Endsley's truck was justified under the "reasonable suspicion" prong of Terry v. Ohio, 392 U.S. 1 (1968). Under the second prong of Terry, we conclude that the district court did not abuse its discretion in concluding that the scope of the search was reasonably related to the reasons for the stop. See United States v. Brigham, 382 F.3d 500, 506-07 (5th Cir. 2004) (en banc). That the officer asked questions unrelated to the traffic stop itself did not implicate the Fourth Amendment. Id. at 508. The information provided by the convenience store employee, the officer's own surveillance on the morning of the stop, and Endsley's driving actions, his nervousness, and his evasive answers made the officer's request for consent to search a reasonable one. See id. at 509 (questioning during a valid stop may involved a "graduated response to emerging facts"). There is also no evidence to suggest that Endsley's consent was involuntarily obtained. See United States v. Valentine, 401 F.3d 609, 613 (5th Cir.), cert. denied, 125 S. Ct. 2905 (2005). We affirm the denial of Endsley's motion to suppress.

Endsley contends that the district court abused its discretion in permitting the Government to present prejudicial extrinsic-offense evidence, in violation of FED. R. EVID. 404(b).

See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  Endsley refers specifically to two incidents to which his codefendant White testified at trial:  (1) an occasion when Endsley allegedly pulled a gun on a man who he thought was breaking into his house in order to steal something; and (2) an incident in which Endsley pulled a gun on two brothers who were methamphetamine customers.  Endsley objected to White's testimony about the first incident, prompting the court to warn the Government about the relevance of the evidence it was using. Because the Government then abandoned its questioning regarding this incident, the court's handling of this testimony was not an abuse of discretion.  See United States v. Walker, 410 F.3d 754, 759 (5th Cir.), cert. denied, 126 S. Ct. 633 (2005).  The court also did not abuse its discretion in admitting evidence regarding the second gun-pulling incident, which was relevant to show intent and knowledge with respect to the 18 U.S.C. § 924(c) firearm charge and was intrinsic evidence to prove that Endsley was attempting protect a conspiracy.  See id.; United States v. Peters, 283 F.3d 300, 313 (5th Cir. 2002); United States v. Endsley, 264 F.3d 578, 590 (5th Cir. 2001), opinion modified on other grounds, 309 F.3d 274 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.