# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2009

No. 08-50023

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS GARCIA,

Defendant-Appellant

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CV-447
USDC No. 3:98-CR-586-ALL

---

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garcia appeals the district court's denial of his 28 U.S.C. § 2255 motion, wherein he challenged his conviction for conspiracy to possess with intent to distribute marijuana. Reviewing the district court's factual findings for clear error and its conclusions of law *de novo*, *see United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006), we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia contends that his trial counsel rendered ineffective assistance by failing to object under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that his indictment did not allege, and the jury was not asked to find, a specific drug quantity. Even assuming *arguendo* that trial counsel rendered deficient performance by failing to object, Garcia cannot show the requisite prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Garcia raised his *Apprendi* argument on direct appeal, where we held under plain-error review that any potential *Apprendi* error was without merit. *United States v. Garcia*, 70 F. App'x 789, 790 (5th Cir. 2003). Had counsel objected and preserved an *Apprendi* claim, it would have been subject to harmless error review. *See United States v. Baptiste*, 309 F.3d 274, 277 (5th Cir. 2002). Under that standard, the error is harmless if, by finding the defendant guilty, the jury necessarily must have found a certain drug quantity beyond a reasonable doubt. *Id.* Garcia stipulated at trial that the drug quantity involved in this case was 200 kilograms of marijuana. By finding Garcia guilty of conspiracy to possess marijuana the jury necessarily found the stipulated drug quantity, which was sufficient to expose him to a statutory maximum of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(vii). Garcia's 320-month sentence did not exceed the statutory maximum authorized by the jury's verdict, and Garcia is not entitled to relief under his *Apprendi* argument. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000). Thus, Garcia cannot show prejudice from counsel's failure to preserve the error.

Garcia's argument that his appellate counsel was ineffective on direct appeal for failing to raise the ineffectiveness of trial counsel is also without merit. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise legally meritless argument cannot support ineffectiveness claim).

AFFIRMED.