# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2010

No. 09-30871
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY ANTOINE BIRTHA, also known as Terelle Williams,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-20052-2

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Anthony Antoine Birtha was convicted by a jury of conspiracy to possess with intent to distribute controlled substances, attempted interference with commerce by robbery, possessing and carrying a firearm in furtherance of and during and in relation to a crime of violence, possession of a firearm by a convicted felon, interference with commerce by robbery, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of stolen firearms. The conspiracy involved a series of armed home

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30871

invasions and robberies committed by Birtha and his co-conspirators in 2003 and 2004. The intended targets of the robberies were known drug dealers.

Birtha contends: evidence of a sexual assault that occurred during one of the home invasions was extrinsic to the conspiracy and should have been excluded or circumscribed under Federal Rule of Evidence 404(b); the evidence was unnecessarily graphic and unfairly prejudicial, in violation of Rule 403; and, as a result, it inflamed the jury and increased the length of his sentence. He complains that the district court did not consider limiting the kind and quality of the evidence to that which would have been necessary to show that Birtha's DNA had been found at the scene of the crime; nor did it consider instructing the jury that its consideration of the evidence was limited under Rule 404(b).

The district court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006). For the reasons that follow, the district court did not abuse its discretion by admitting evidence of the sexual assault.

Rule 404(b) applies only to extrinsic evidence and does not restrict or prohibit intrinsic evidence. *Id.* at 632. "Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* (quoting *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005)).

The evidence showed that Birtha entered a residence with the intent to commit an armed robbery under the mistaken belief that it was the residence of a drug dealer. Birtha committed a sexual assault at that residence, with the

No. 09-30871

mistaken belief that the victim was the cousin of the drug dealer's wife. DNA evidence linked Birtha to the sexual assault.

The evidence of the sexual assault was intrinsic to the conspiracy between Birtha and Stirling Givens to commit home-invasion robberies of drug dealers. *See id.* The sexual assault was inextricably intertwined with the conspiracy and was part of a single criminal episode related to the conspiracy. *See id.* The evidence completed the story of the crime, provided immediate context of events in time and place, and enabled the jury to evaluate the circumstances under which Birtha acted. *See id.* That other co-conspirators had not yet joined the conspiracy is immaterial, because Birtha and Givens had already joined in it. *See United States v. Mendoza*, 587 F.3d 682, 687 (5th Cir. 2009).

Moreover, the probative value of the sexual assault evidence was not substantially outweighed by the danger of unfair prejudice. *See* FED. R. EVID. 403. Birtha's defense was that there was little physical evidence linking him to the home invasions, that the robbery victims were unable to identify him, and that the testimony of cooperating co-conspirators was not credible. The testimony of the rape victim and of Birtha's co-conspirators regarding the fact that a rape occurred during one of the home invasions, as well as the corroborating DNA evidence, helped to establish Birtha's identity as a participant in the conspiracy. Some factual detail regarding the rape itself was necessary to explain the DNA evidence. The evidence also showed Birtha's role and the manner and means of committing the robberies.

The Government offered evidence showing only that the sexual assault had occurred, and it did not present unnecessary factual details about it. Moreover, the prejudicial effect of the evidence was mitigated, because the

district court gave a limiting instruction regarding other-acts evidence. *See United States v. Williams*, 343 F.3d 423, 437 (5th Cir. 2003). Its admission was not unfairly prejudicial. *See United States v. Bailey*, 111 F.3d 1229, 1234-35 (5th Cir. 1997) (evidence of uncharged sexual assault during home invasion not unfairly prejudicial); *see also United States v. Baptiste*, 264 F.3d 578, 590 (5th Cir. 2001) (evidence of murders and attempted murders committed in course of drug trafficking conspiracy not unfairly prejudicial because it was necessary for jury to understand brutal nature of conspiracy), *modified on other grounds on reh'g*, 309 F.3d 274 (5th Cir. 2002); *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997) (evidence that defendant held shotgun to head of undercover officer during drug buy not unfairly prejudicial).

Birtha also contends that admission of the sexual-assault evidence increased the severity of his sentence (102 years' imprisonment). This contention is without merit. In determining the base offense level, offense characteristics, and adjustments, the district court is required to consider as relevant conduct "all acts and omissions" of the defendant and all harm resulting from those acts and omissions. U.S.S.G. § 1B1.3. Even if the sexual-assault evidence had been excluded from evidence at trial, the district court would have considered those facts in determining the sentence. *See United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995) ("[T]he district court 'may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy'". (quoting U.S.S.G. § 6A1.3)). Birtha does not challenge the guidelines calculation, nor does he contend that the

No. 09-30871

information regarding the sexual assault did not bear sufficient indicia of reliability.

AFFIRMED.