# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2013

No. 12-40631
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ORLANDO GARCIA, also known as Orlando Amador Garcia

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1128-11

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Orlando Garcia appeals his jury-trial conviction for conspiracy to possess, with intent to distribute, more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Garcia, who testified at trial, claims the evidence was insufficient to support his conviction.

Denial of a motion for a judgment of acquittal is reviewed *de novo*. *E.g.*, *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012), *cert. denied*, 2013 WL 598783 (19 Feb. 2013). The conviction will be upheld if, "viewing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Id.* (quotation marks and citation omitted).

Garcia's conspiracy conviction required the Government to prove: "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy". *Id.* (quotation marks and citation omitted).

The Government's evidence, including numerous recorded telephone conversations, showed Garcia, his co-defendants, and an unnamed co-conspirator were members of a prison gang that required its members to sell drugs, and Garcia devised a plan to sell two pounds of methamphetamine in Arkansas; this evidence was sufficient to prove he knowingly and voluntarily agreed to violate federal narcotics laws. *E.g.*, *id.* at 366-68; *United States v. Baptiste*, 264 F.3d 578, 587-88 (5th Cir. 2001), *rev'd on other grounds*, 309 F.3d 274 (5th Cir. 2002). The jury was free to reject Garcia's explanation that he did not intend to carry out the plan. *E.g.*, *United States v. Meza*, 701 F.3d 411, 420 (5th Cir. 2012). Further, that the methamphetamine was never put on the market or sold is of no consequence. *E.g.*, *Iannelli v. United States*, 420 U.S. 770, 777-78 (1975); *United States v. Dixon*, 132 F.3d 192, 200-01 (5th Cir. 1997).

AFFIRMED.